UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ALMA MCCARTT,

    Plaintiff,

    v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:09-cv-861

Weber, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Alma McCartt filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). In response to the complaint, Defendant filed a motion to dismiss, arguing that this court lacks jurisdiction to review Plaintiff's claim (Doc. 4). Plaintiff has filed a response, to which the Defendant has filed a reply (Docs. 5, 8). Pursuant to local practice, this case has been referred to the undersigned for initial consideration and a report and recommendation.

**I. Summary of Administrative Record**

At some point in 2007, Plaintiff filed an application for a period of disability and disability insurance benefits, alleging that she had been disabled since June 26, 2000. (Doc. 5 at 1). Plaintiff's initial application was denied by the Commissioner on October 18, 2007. (Doc. 4-1 at 9). The Commissioner found that Plaintiff had failed to establish that she was disabled prior to December 31, 2005, the date that she was last insured for disability benefits. (Doc. 5 at 1). The decision was mailed to Plaintiff's residence, but she has avowed that she never received it, and knew "nothing at all to let me know what

1

was going on with my SSA until February 7, 2008." (Doc. 5-1). Because Plaintiff did not request review within the time permitted, the October 18, 2007 decision became final. (Doc. 4-1 at 9).

Plaintiff alleges that on March 31, 2008, she filed a second application for Disability Insurance Benefits (DIB). (Doc. 1 at ¶3). That claim was denied initially and upon reconsideration on October 14, 2008. (Doc. 1 at ¶4). Plaintiff alleges that she filed a timely request for hearing on December 18, 2008, but that on March 2, 2009, the ALJ issued a "Notice of Dismissal/Order of Dismissal" in which the Defendant concluded that Plaintiff's request for hearing should be denied based on the doctrine of *res judicata*. (*Id.*). In considering whether to apply the doctrine, the ALJ suggested that "the deadline for requesting review should not be extended under Social Security Ruling 91-5p because [Plaintiff] had a representative at the time of the previous determination. Additionally, none of the conditions for reopening set forth in 20 C.F.R. 404.988 is present in this case." (Doc. 4-1 at 9). Thus, the ALJ denied review of Plaintiff's second, nearly identical claim for benefits on grounds that *res judicata* applied. Plaintiff filed a request for review, which was denied on September 18, 2009 by the Appeals Council. (*Id.*).

## II. Analysis

Defendant argues that Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), based upon the lack of any reviewable "final decision" by the Social Security Administration. Section 205(g) of the Social Security Act, 42 U.S.C. §405(g), provides the exclusive jurisdictional basis for judicial review of cases arising under the Social Security Act.

2

> Any individual, after *any final decision* of the Commissioner of Social Security *made after a hearing* to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

*Id.* (Italics added).

Section 405(h) additionally provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

*Id.* Thus, pursuant to 42 U.S.C. § 405(h), Congress has made it abundantly clear that §405(g) provides the only basis for judicial review of the Commissioner's decisions.

Defendant argues that the present case does not arise under §405(g) because the decision as to which Plaintiff seeks review was the dismissal of her second claim, which was barred by *res judicata*. Thus, Plaintiff does not seek review of the type of claim that is reviewable under §405(g); namely, a denial of benefits made "after a hearing" and after the Appeals Council had either denied review, or granted review and issued its own decision on the merits.

Controlling Sixth Circuit precedent supports Defendant's position. *See Hilmes v. Secretary of Health and Human Services,* 983 F.3d 67, 69 (1993)(upholding Commissioner's decision to dismiss based on administrative *res judicata*, citing *Bagby v. Harris,* 650 F.2d 836 (6th Cir.), *cert denied,* 454 U.S. 1087 (1981)). When a hearing request is denied, no "final decision" "after a hearing" has been made, and §405(g) cannot be extended to permit judicial review. *See generally United States v. Utah*

3

*Constr. & Mining Co.,* 384 U.S. 394, 422 (1966). Thus, "absent a colorable constitutional claim, federal courts are without jurisdiction to review the Secretary's denial of benefits on the basis of *res judicata*." *Parker v. Califano*, 644 F.2d 1199, 1201 (6th Cir. 1981); *see also Cottrell v. Secretary of Health and Human Services*, 987 F.2d 342 (1992).

Plaintiff concedes that there is no "final decision" for this Court to review in this case due to the ALJ's dismissal of Plaintiff's case based on *res judicata*. (Doc. 5 at 3). However, Plaintiff argues that courts have applied the doctrine of administrative *res judicata* "with less rigidity than its judicial counterpart," *citing Parker v. Califano*, 644 F.2d at 1202. In this case, Plaintiff argues that the doctrine should not be applied for two reasons.

First, Plaintiff argues that the doctrine should not be applied because she did not receive the original unfavorable decision in time to file a request for review or hearing. In a closely related argument, Plaintiff also contends that the ALJ made a critical error in applying the doctrine based on a misunderstanding that Plaintiff "had a representative at the time" her prior claim for benefits was denied. Plaintiff asserts that she was in fact unrepresented at that time. Plaintiff represents that she did not retain counsel "until December 11, 2007," and that counsel did not learn of the unfavorable earlier decision until January 22, 2008. (Doc. 5 at 4). Plaintiff claims -incorrectly, as will be explained below -that the time for appealing the decision had already expired by the time Plaintiff became aware of the unfavorable 2007 decision.

Although the Sixth Circuit chose not to apply the doctrine of *res judicata* in *Parker v. Califano*, the court was clearly concerned with limiting any exceptions to cases

4

involving a "colorable constitutional claim." *Id.*, 644 F.2d at 1201. Therefore, "courts may not consider mere claims of unfairness or injustice when administrative *res judicata* is applied." *Id.* at 1203. In this case, Plaintiff falls short of demonstrating a colorable constitutional claim that would permit this court to assume jurisdiction over her otherwise-barred claim.

It is true that a failure to receive notice might present a constitutional claim but on the facts presented, Plaintiff has not offered sufficient proof that she failed to receive the initial unfavorable denial of benefits in October 2007. Plaintiff does not dispute that the decision was properly mailed to her address of record, or that the address listed was incorrect. Instead, her affidavit simply states that she did not receive it. *See McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981)(noting that Plaintiff had introduced sufficient evidence demonstrating lack of receipt of the notice where the Secretary's records did not show mailing to Plaintiff's counsel); *see also Hobt v. Comm'r of Soc. Sec.*, 175 Fed. Appx. 709, 710-711, 2006 WL 988282 (6th Cir. 2006).

Even if Plaintiff did not immediately receive the October 18, 2007 notice, she is deemed to have been on notice not later than January 22, 2008 when she acknowledges that a copy was faxed to her attorney.[1] Based on existing case law, Plaintiff had sixty days from January 22, 2008 in which to request a hearing. *See McKentry*, 655 F.2d at 724 (holding that sixty-day statute of limitations on request for hearing begins to run from the date of actual receipt of the notice); *see also Hobt*, 175 Fed. Appx. at 710 (same). Even if unaware of this Sixth Circuit authority, Plaintiff still

---

[1] Ironically, the date that Plaintiff signed a representation agreement with counsel was within the original 60 day time for appealing the October 18, 2007 decision. Plaintiff does not explain her reasons for employing counsel at that particular point in time, if not to appeal an unfavorable decision.

5

could have promptly requested an extension of time to ask for reconsideration, alleging good cause for the extension on the basis of the alleged non-receipt of the original notice. See 20 C.F.R. §404.911. Instead, Plaintiff waited more than sixty days later to file a brand new application for disability benefits.

In her new application, Plaintiff made no allegations concerning an alleged failure to receive the October 18, 2007 denial of her original claim. In fact, the first time that Plaintiff appears to have alleged that she did not timely receive the October 2007 determination notice was on May 6, 2009, when she requested review of the ALJ's dismissal of her hearing request before the Appeals Council. By that time more than eighteen months had elapsed from the January 22, 2008 date that Plaintiff admits she received the notice.

By failing to *promptly* make any claim that she had not timely received the October 2007 notice, and by failing to either file a timely request for hearing (within 60 days of January 22, 2008) or, alternatively to move for an extension of time in which to file a request for reconsideration of the original denial, Plaintiff forfeited the "ends of justice" argument she now presents to this Court.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** the Defendant's motion to dismiss this case for lack of jurisdiction (Doc. 5) be **GRANTED**, and that this case be **DISMISSED WITH PREJUDICE** and stricken from the active docket.

                               */s Stephanie K. Bowman*
                               Stephanie K. Bowman
                               United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ALMA MCCARTT, | Case No. 1:09-cv-861 |
| Plaintiff, | Weber, J. |
| | Bowman, M.J. |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).